JEFFREY A. DOLLINGER - State Bar No. 146582
jdollinger@woollspeer.com
KATY A. NELSON - State Bar No. 173759
knelson@woollspeer.com
**WOOLLS & PEER**
A Professional Corporation
One Wilshire Building
624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017
Telephone:  (213) 629-1600
Facsimile:   (213) 629-1660

Attorneys for Plaintiff
National Credit Center, Inc., a Delaware corporation

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| National Credit Center, Inc., a Delaware corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>Grapevine DCJ LLC doing business as Grapevine Dodge Chrysler Jeep and Does 1 through 10, inclusive,<br><br>        Defendants. | Case No.:  **'16CV2191 JAH  WVG**<br><br>**COMPLAINT FOR BREACH OF CONTRACT** |

## JURISDICTION AND VENUE

1.   This court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interests and costs.

2.   Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(3) because defendants are subject to the court's personal jurisdiction pursuant to the forum selection clauses in the contract.

## THE PARTIES

3. Plaintiff National Credit Center, Inc. ("NCC") is and at all times relevant hereto has been a corporation existing under the laws of the State of Delaware and is duly authorized and qualified to do business in California and Nevada, with offices of California and Nevada.

4. Plaintiff is informed and believes and thereon alleges that defendant Grapevine DCJ LLC, a Texas limited liability company, is and was during all relevant times doing business under the fictitious name of Grapevine Dodge Chrysler Jeep at 2601 William D. Tate Avenue in the city of Grapevine in the State of Texas ("defendant").

5. Defendant agreed in the written agreement at issue in this lawsuit that the agreements shall be governed by and construed in accordance with California law, and that the venue of any legal proceeding shall be in California.

6. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants herein designated as Does 1 through 10 inclusive, are unknown to at this time, who therefore sues these defendants by such fictitious names. NCC is informed and believes and thereon alleges that each of these Doe Defendants is responsible in some manner for the damages herein alleged, jointly and severally. NCC will seek leave of the Court to further amend this Complaint to insert the true names and capacities of these defendants, or to substitute the names of the currently named defendants, when the true identities have been ascertained and will further ask leave to join these defendants in these proceedings.

## GENERAL ALLEGATIONS

7. On or about January 12, 2010, NCC entered into an agreement with defendant to be its sole provider of Experian and TransUnion credit reports. A true and correct copy of the agreement is attached hereto and incorporated herein as

Exhibit "1" ("Agreement").

8. The Agreement provides for an initial term of three (3) years and further provides that the Agreement will be automatically renewed for additional three-year terms unless written notice by certified mail is received by NCC at least sixty days prior to the end of term.

9. Pursuant to the Agreement, defendant agreed to use NCC as its sole provider for Experian and Trans Union credit reports and to use and pay for each product ordered pursuant the Agreement. At the time the Agreement was entered into, that fee schedule was $2.00 per report.

10. NCC performed all terms, conditions and promises required to be performed on its behalf under the Agreement, except insofar as its performance has been excused or waived.

11. Plaintiff is informed and believes and thereon alleges that beginning in February 2016, defendants stopped using NCC as their sole provider for Trans Union and Experian credit reports, or as any provider at all, in violation of the Agreement. Defendants have failed and refused to resume using Plaintiff as their sole provider of credit reports, despite NCC's demand.

12. Defendant has never given notice to NCC that the Agreement was to be non-renewed in the manner required by the Agreement or in any manner at all. The Agreement became effective on January 12, 2010 and was automatically renewed on January 12, 2013 and January 12, 2016. Therefore, the Agreement continues to be in effect until January 12, 2019.

13. Defendant also breached the Agreement by failing to pay NCC all outstanding amounts owed for credit reports that it purchased under the Agreements.

14. As a direct and proximate result of defendant's breach of the Agreement, NCC has been damaged in an amount currently unascertained and subject to proof at the time of trial in excess of $150,000.

15. NCC has been required to retain the services of counsel to obtain defendants' compliance with the terms of the Agreement and, pursuant to paragraph 6 of the Agreement, NCC is entitled to an award of reasonable attorney's fees plus all costs incurred herein.

WHEREFORE, Plaintiff prays for judgment against defendant Grapevine DCJ LLC doing business as Grapevine Dodge Chrysler Jeep and Does 1 through 10 as follows:

1. For damages in an amount in excess of $150,000.00 to be determined at the time of trial;

2. For an award of reasonable attorney's fees and all costs of suit incurred;

3. For such other and further relief as the Court may deem proper.

DATED: August 30, 2016

WOOLLS & PEER
A Professional Corporation

　　/s/ Jeffrey A. Dollinger
JEFFREY A. DOLLINGER
KATY A. NELSON
Attorneys for Plaintiff
National Credit Center, Inc., a Delaware corporation